IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | ) | |
|---|---|---|
| WILLIAM E. PRESTON, | ) | Case No. 4:09CV00030 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| DAVID CHARLES MORTON and | ) | By: Jackson L. Kiser |
| HEARTLAND EXPRESS, INC., | ) |    Senior United States District Judge |
| | ) | |
| Defendants. | ) | |
| | ) | |

Before me is Defendants' Motion for Summary Judgment, which was filed with the Court on May 5, 2010. Plaintiff filed a Memorandum in Opposition on May 19, 2010. Pursuant to a Pretrial Order filed in this case, "all Rule 12 and Rule 56 motions must be heard or submitted on briefs no later than 30 days prior to trial." [Docket No. 12.] Currently, the trial of this matter is scheduled for June 14–15, 2010. Despite the fact that it was not possible to set the Motion for Summary Judgment for a hearing within the time frame envisioned in the Pretrial Order (nor, actually, to submit the matter on briefs since Plaintiff's reply brief was not due until twenty-five days before trial), I nevertheless granted the parties leave to submit the motion on briefs. Having done so, the matter is now ripe for decision. For the reasons stated below, I will **DENY** the Motion for Summary Judgment.

## I. STATEMENT OF FACTS

On May 29, 2008, Plaintiff William E. Preston was performing contracted-for repairs on a commercial roadway lighting system (traffic lights) at the intersection of Starling Avenue and Aaron Street in Martinsville, Virginia. Cleco Corporation contracted Preston to install temporary traffic signals at each end of a bridge under repair near the intersection. Cleco was the general contractor in charge of the bridge repair. (*See* Pl.'s Mem. in Opp'n to Mot. for Summ. J. 2 [hereinafter "Pl.'s Opp'n"].)

On the date in question, Preston was activating lights he had installed and ensuring the lights functioned properly. Other workers had closed one lane of traffic and traffic was alternating (presumably with flagmen) in the other lane. Preston was working in a bucket truck on the light above the closed lane of traffic. While working, Preston determined that the motion detector hanging between the two lanes of traffic needed to be adjusted. He positioned himself (in the bucket truck) beneath the motion detector and above the open lane of traffic. Preston asserts that the lights were hanging approximately sixteen feet off the ground, and the bottom of his bucket was positioned below the bottom of the traffic lights. (*See* Defs.' Mem. in Supp. of Mot. for Summ. J. 2–3 [hereinafter "Defs.' Mem."]; Pl.'s Opp'n 2–3.)

While Preston was working, he felt a bump and something struck the bucket from behind. The bucket was dragged over the trailer portion of a tractor trailer, breaking both of Preston's ankles. An eyewitness, Brian Steffey, told police at the time that the truck was a Heartland Express truck.[1] Police were alerted to the accident and told to look out for a Heartland Express truck that had been involved in an accident; seventeen minutes

---
[1] According to Plaintiff, Steffey no longer recalls seeing "Heartland Express" on the truck. (Pl.'s Opp'n 3.)

later, police pulled over a Heartland Express truck on Route 58 approximately twenty miles from the accident site. The driver, David Charles Morton,[2] admitted to having driven through the construction site but denied being involved in an accident. (*See* Defs.' Mem. 2–4; Pl.'s Opp'n 2–4.)

## II. PROCEDURAL BACKGROUND

Plaintiff originally filed this action in the Circuit Court for the City of Richmond on June 9, 2009. A copy of the Complaint was served on Heartland Express through the Secretary of the Commonwealth on August 17, 2009. *See* Va. Code Ann. § 8.01-329 (2009). On September 2, 2009, Heartland Express filed a timely Answer to the Complaint. Heartland Express also filed an objection to venue and motion to transfer. *See id.* § 8.01-265 (2009). On September 9, 2009, Heartland Express filed a notice of removal [Docket No. 1] in the United States District Court for the Eastern District of Virginia, Richmond Division. *See* 28 U.S.C. §§ 1332(a), 1441, 1446 (2008). After removal, Heartland Express filed a motion to transfer the case to the Western District of Virginia [Docket No. 3] because Plaintiff is a resident of this District, the accident occurred in this District, and Plaintiff was treated in this District for his injuries. The Court granted Heartland Express's motion on October 13, 2009 [Docket No. 8]. After the case was transferred to this Court, Defendants filed this Motion for Summary Judgment on May 5, 2010 [Docket No. 19].

---

[2] Plaintiff mistakenly named David "Norton" as a defendant when the driver-in-question's name is David "Morton." The mistake apparently arose from a transcription error on the underlying police report. An Order was entered on May 21, 2010, amending the caption [Docket No. 27].

**III.     STANDARD OF REVIEW**

Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law.  FED. R. CIV. P. 56(c).  The court must view the facts and the inferences to be drawn from them in the light most favorable to the party opposing the motion.  *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).  A genuine issue of material fact exists if reasonable jurors could find by a preponderance of the evidence that the nonmoving party is entitled to a verdict in his favor.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

**IV.     DISCUSSION**

Defendants assert two grounds in their Motion for Summary Judgment: first, there is no evidence to show that the tractor trailer that struck Plaintiff's bucket was a Heartland Express truck, much less the one David Morton operated; and second, that Plaintiff was contributorily negligent which, in Virginia, is an absolute bar to recovery, *see Litchford v. Hancock*, 232 Va. 496, 499, 352 S.E.2d 335, 337 (1987) ("Negligence of the parties may not be compared, and any negligence of a plaintiff which is a proximate cause of the accident will bar recovery.").  I will address both of these arguments in turn.

Defendants' first ground for summary judgment, the so-called "Shaggy defense,"[3]

---

[3] Josh Levin, a commentator for *Slate* magazine, coined this term in reference to the trial of a popular R&B singer accused of creating child pornography.  *See* Josh Levin, *Dispatches from the R. Kelly Trial: Unveiling the "Shaggy" Defense*, SLATE, May 21, 2008, http://www.slate.com/id/2191876/entry/2191877/; *see also* Christopher Hayes, *A Classic Case of the "Shaggy Defense,"* THE NATION, May 12, 2010, http://www.thenation.com/blog/classic-case-shaggy-defense.  The term refers to a song by the artist Shaggy called "It Wasn't Me."  In the song, a man's girlfriend catches him "red-handed" in the arms of another paramour.  When asked for his advice, the singer advises the man to tell her "it wasn't you."  In the present case, I do not mean to suggest that the case against Defendants is as clear cut as the case against the adulterer in the song (as part of the song's "charm" is the absurdity of such a claim by someone in the narrator's situation).  I use this term merely to illustrate the defense—claiming the offending party was someone else.

is inappropriate for a summary judgment motion. In the complaint, Plaintiff alleged the Defendants were negligent. While Defendants are free to assert, at trial, that they were not the negligent party, the question is obviously one of disputed, material fact. Whether the named defendants actually committed the acts complained of is the *sine qua non* of virtually *all* civil actions. Simply because Defendants disagree with Plaintiff's evidence does not give me the right to take the issue of fact away from the trier of fact. As such, this issue is not grounds for summary judgment.

Defendants' other argument is that Plaintiff's contributory negligence bars his recovery under Virginia law. Assuming other factors are met, this is a true statement of the law. Claims of contributory negligence, however, are claims of negligence nonetheless. "Ordinarily, negligence is a jury issue. Its determination requires the sifting and evaluation of facts, which are matters exclusively within the province of a jury." *Stevens v. Ford Motor Co.*, 226 Va. 415, 420–21, 309 S.E.2d 319, 322–23 (1983); *see also Ponirakis v. Choi*, 262 Va. 119, 125, 546 S.E.2d 707, 711 (2001) ("Generally, an issue whether plaintiff is guilty of contributory negligence is a question of fact to be decided by the trier of fact."); *Artrip v. E.E. Berry Equip. Co.*, 240 Va. 354, 357–58, 397 S.E.2d 821, 823 (1990) ("Ordinarily, negligence is a jury issue. . . . Contributory negligence and assumption of risk likewise are jury issues unless reasonable minds could not differ about their resolution."). Therefore, unless "reasonable minds could not differ" over whether Plaintiff was negligent and whether that negligence was a proximate cause of the accident, the issue is inappropriate for summary judgment.

Defendants maintain that Plaintiff failed to comply with applicable safety standards that apply when working over an open lane of traffic. Furthermore, Defendants

maintain that the experts they plan to call at trial[4] are "not contradicted". (*See* Defs.' Mem. 11.) Their experts will testify that the standards in question applied and that Preston violated these standards. This evidence, Defendants conclude, compels me to grant their motion for summary judgment.

Defendants' arguments fail for several reasons. First, the fact Defendants' experts are "not contradicted" does not require the conclusion that they are correct. As with any witness, the trier of fact is free to weigh the witnesses' credentials and credibility to determine if their opinion is satisfactory to support a conclusion. Second, Defendants own "standards" belie their argument that "Preston's decision to engage in work over an open lane of traffic is a[n] . . . act about which ordinary minds would not differ in declaring it to be negligent." (*Id.* at 12.) As Defendants themselves note:

> When work is performed over a roadway open to traffic (on bridges, overhead signs, traffic signals, etc.) the traveled lane(s) or shoulder that the work operation is over shall be closed, *unless it is physically improbable materials, equipment or personnel could fall into the open lane or shoulder.*

(*Id.* at 10 (emphasis added).) By their own admission, Defendants have pointed out that the standards themselves contemplate scenarios in which one may perform work over open lanes of traffic. Arguing that no reasonable mind could find that Preston was not negligent in working over an open lane of traffic, when such a scenario is expressly allowed by the very regulations they cite, is antithetical to the very evidence Defendants maintain is controlling in this case. Therefore, the issue is one that should be submitted to a jury as reasonable minds could differ as to the conclusion.

---

[4] A motion *in limine* to exclude the experts is pending before the Court. [Docket No. 21.] Additionally, I would note that *no* witness has yet been designated an "expert" by this Court. Referring to them as such is not only improper and incorrect, but presupposes their qualifications will be satisfactory to the Court. *See* FED. R. EVID. 702, 104(a).

## V. CONCLUSION

Because Defendants' two grounds for summary judgment center on questions of material fact which are properly the province of the jury, I will deny the Motion for Summary Judgment.

Entered this 24th day of May, 2010.

                                                s/Jackson L. Kiser
                                                Senior United States District Judge